# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

FIELDING KIMERY                                                                                             PLAINTIFF
ADC #133741

v.                                              4:21-cv-00156-BRW-JJV

PATRICIA PAGE HARRIS,
Sergeant, Varner Supermax Unit, ADC; *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Fielding Kimery ("Plaintiff") is a prisoner in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Sergeant Patricia Page Harris, Sergeant Carolyn Walace, Lieutenant Joseph

1

Bivens, and Sergeant M. Taylor violated his constitutional rights. (Doc. 2.) After careful review and consideration, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

## II.  DISCUSSION

On February 26, 2021, Plaintiff filed a confusing Complaint alleging Defendants took several pleadings he wanted mailed to the Clerk of this Court without providing "a notary for the certificate of service" or a "mail log." (Doc. 2 at 4.) To plead a plausible access to the courts claim, prisoners must allege facts suggesting they were "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *Williams v. Hobbs,* 658 F.3d 842, 851–52 (8th Cir. 2011). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 355 (1996); *see also Johnson v. Hamilton,* 452 F.3d 967, 974 (8th Cir. 2006). The Complaint did not explain how Plaintiff was actually harmed by the alleged denial of notary service or a mail log. Accordingly, on March 4, 2021, I entered an Order explaining this pleading deficiency to Plaintiff, giving him thirty days to file an Amended Complaint stating a plausible claim, and cautioning him I would recommend dismissal if he did not do so. (Doc. 3.)

Thereafter, Plaintiff filed a confusing and verbose Motion to Amend the Complaint that included the case number for this action and another lawsuit in this District. (Doc. 6.) On March 31, 2021, I denied the 197-page Motion because it did not comply with my prior

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

instructions, included numerous improperly joined claims in violation of Fed. R. Civ. P. 21, was not clear and concise as required by Fed. R. Civ. P. 8, contained claims that were already pending in other cases, and (because it had two cases numbers) sought to add identical claims to two different lawsuits. (Doc. 12.) I then provided Plaintiff with a final opportunity to file a proper Amended Complaint, gave him specific instructions on how to do so, and repeated my warning that I would recommend dismissal if he failed to do so. (*Id*.) Nevertheless, Plaintiff has not filed an Amended Complaint containing a plausible claim, and the time to do so has expired.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."